UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RENEE COLLINS,

     Plaintiff,

v.                                Case No.:  2:23-cv-276-KCD

COMMISSIONER OF SOCIAL
SECURITY and SSA,

     Defendants.

_____/

## ORDER

     Plaintiff Renee Collins challenges the Commissioner of Social Security's decision denying her application for disability benefits under 42 U.S.C. § 405(g). (Doc. 1.)[1] For the reasons below, the Commissioner's decision is reversed and remanded for further proceedings.

     The procedural history, administrative record, and law are summarized in the parties' briefs (Doc. 21, Doc. 25) and are not fully repeated here. Collins filed for benefits claiming she was disabled as of 2014. (Tr. 18.) In her application, Collins claimed her disability stemmed from IBS, diverticulitis, and colitis, among other conditions. Her application was denied initially and

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

again on reconsideration. (Doc. 21 at 2.) She then requested further review before an administrative law judge ("ALJ").

Collins received two unfavorable decisions from the ALJ. She successfully appealed the first. (Tr. 143-44.) And on remand, the Appeals Council directed the ALJ to "[g]ive consideration to the medical source opinion of Nurse Ndiang'Ui." (*Id.* at 143.)

The ALJ then held another hearing and issued the second unfavorable decision. (Tr. 17-31, 39-59.) Collins appealed this decision to the Appeals Council too, but lost. (*Id.* at 1-3.) She now asks this Court to reverse and remand her claim for further proceedings. (Doc. 21 at 28-29.) In support of her request, Collins raises four perceived errors. (*Id.* at 1.) One relates to the ALJ's consideration of Nurse Ndiang'Ui. (*Id.* at 1, 12-13.)

In his second decision, the ALJ found Nurse Ndiang'Ui's opinions unpersuasive. He explained:

> The undersigned is not persuaded by the opinions of Priscilla Ndiang'Ui, ARNP, who opined the claimant unable to walk to the mailbox, significantly limited postural and manipulative limitations, two hour breaks in the morning and afternoon, and off task more than 60 percent of the workday (Ex. 9F). The opinions are not consistent with the claimant's imaging with no stenosis, findings on examination of 5/5 strength and normal gait, and treatment history generally with recommendations for diet and exercise. Further, the claimant testified at the hearing to walking to her mailbox.

(Tr. 28.) Collins argues more was needed. She claims the ALJ did not assess whether Ndiang'Ui's opinions find support from the objective medical evidence she cites. (Doc. 21 at 12-13.)

The Commissioner disagrees. She points to the ALJ's discussion of Ndiang'Ui's records, which note Collins "appeared well-developed and well nourished, and was in no distress" and had "a soft abdomen, normal bowel sounds, no distension and no mass, and no tenderness or guarding" during an office visit in 2018. (Doc. 25 at 10-11.) The Commissioner argues this discussion shows the ALJ considered whether Ndiang'Ui's opinions were supported by the evidence before her.

"When confronted with a medical opinion, the ALJ must consider its persuasiveness using several factors: (1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other factors." *Mercado v. Comm'r of Soc. Sec.*, No. 6:22-CV-287-DCI, 2023 WL 145154, at *1 (M.D. Fla. Jan. 10, 2023). Supportability and consistency "are the most important factors" in determining persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ must explain "how [he] considered the supportability and consistency factors for [each] medical source's medical opinions." *Id.* Put simply, the ALJ must assess the factors of supportability and consistency. *Thomas v. Comm'r of Soc. Sec.*, No. 6:21-CV-100-EJK, 2022 WL 14816626, at *2 (M.D. Fla. Aug. 3, 2022).

"Supportability" refers to whether the doctor's medical opinion finds support within the "objective medical evidence" they cite. 20 C.F.R. § 404.1520c (c)(1). "Consistency" measures how the medical opinion aligns with evidence from other sources (medical and non-medical). 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Said differently, "the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record." *Tocco v. Comm'r of Soc. Sec.*, No. 8:21-CV-399-TPB-SPF, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022).

"[C]onclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Mercado*, 2023 WL 145154, at *5. That said, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence." *Marone v. Comm'r of Soc. Sec.*, No. 2:14-CV-616-FTM-CM, 2016 WL 1253575, at *7 (M.D. Fla. Mar. 31, 2016). What matters is whether "a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of [the] medical opinions." *Works v. Saul*, No. 4:19-CV-01515-MHH, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021).

Having reviewed the ALJ's decision and considered the opinion as a whole, it is unclear whether the ALJ considered the supportability factor. While the ALJ did discuss some of Ndiang'Ui's records (Tr. 27), he never tied his discussion of those records to the persuasiveness of her opinions. And it is

unclear whether the ALJ believed the contents of those records contradicted Ndiang'Ui's opinions. The regulations require the ALJ "to specifically address and *explain* both . . . supportability and consistency." *Vicente v. Comm'r of Soc. Sec.*, No. 6:22-CV-01057-LHP, 2023 WL 2864407, at *6 (M.D. Fla. Apr. 10, 2023) (emphasis added). There is no explanation offered here for supportability besides reference to unspecified medical records. That is not enough. *See Pierson v. Comm'r of Soc. Sec.*, No. No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) ("It is not the district court's role on review to scour the entirety of the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies with the particular opinions the ALJ has given partial weight.").

"For the Court to attempt to guess what particular records support the ALJ's decision with respect to [Nurse Ndiang'Ui's opinions] would require the Court to reweigh the evidence—which it may not do." *McDaniel v. Comm'r of Soc. Sec.*, No. 6:21-CV-125-LHP, 2022 WL 11348279, at *6 (M.D. Fla. July 5, 2022). "Because the ALJ failed to adequately address the supportability factor in evaluating the opinion of [Nurse Ndiang'Ui], the Court finds that the ALJ's decision is not supported by substantial evidence, and will remand this case for further administrative proceedings." *Id.*; *see also Pierson*, 2020 WL

1957597, at *6 ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous.").

Collins raises several other arguments that the Court need not (and will not) address now. Since this case is going back to the Commissioner, such issues will likely be reconsidered and the record could change. *See Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986). The ALJ should consider Collins' other arguments to prevent piecemeal litigation.

Accordingly, it is now **ORDERED**:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** for the Commissioner to address the issue outlined above and take any other action deemed necessary.

2. The Clerk is directed to enter judgment for Collins and against the Commissioner and close the file.

3. To the extent Collins seeks relief beyond that ordered above, her request is denied.

**ORDERED** in Fort Myers, Florida on April 19, 2024.


Kyle C. Dudek
United States Magistrate Judge